# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **ADRIAN VINSON,** *pro se* | * | |
| Petitioner | * | |
| v. | * | Civil No. **PJM 18-1407** |
| | * | (Related to Criminal No. PJM **16-248-03**) |
| **UNITED STATES OF AMERICA** | * | |
| Respondent | * | |

## MEMORANDUM OPINION

By Memorandum Opinion and Order dated July 1, 2019, the Court denied Petitioner Adrian Vinson's Motion to Vacate or Correct Illegal Sentence, filed pursuant to 28 U.S.C. § 2255 (ECF Nos. 245, 246). By oversight, the Court neglected to address the matter of a Certificate of Appealability per 28 U.S.C. § 2253(c)(2).

Rule 11(a) of the Rules Governing § 2255 Cases provides that the district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong, and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683-84 (4th Cir. 2001).

The Court has considered the record and finds that Petitioner has not made the requisite showing. He asserted that his attorney provided him with ineffective assistance in violation of

*Strickland v. Washington*, 466 U.S. 668 (1984). His claim, rooted in factual and not legal disputes, was wholly without merit and failed to satisfy the pertinent "reasonable jurists" standard. Accordingly, the Court declines to issue a certificate of appealability.

A separate Order will **ISSUE**.

/s/
_____
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE

**July 2, 2019**