IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | |
| | * | Crim. No. 16-248 PJM |
| ADRIAN VINSON, | * | |
| | * | |
| Defendant. | * | |

**MEMORANDUM OPINION AND ORDER**

On December 22, 2016, Adrian Vinson pled guilty to one count of conspiracy to possess with intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. § 846, and one count of conspiracy to possess firearms in furtherance of a drug-trafficking crime, in violation of 18 U.S.C. § 924(o). On May 12, 2017, the Court imposed a total sentence of 156 months of imprisonment and eight years of supervised release. Having now served about five years of his thirteen-year sentence, he is currently incarcerated at FCI Gilmer and has a projected release date of February 11, 2029.

On October 2, 2020, Vinson filed a *pro se* motion for compassionate release. The Office of the Federal Public Defender thereafter declined to seek representation on his behalf, and the Court directed the Government to respond to the *pro se* motion. On December 4, 2020, the Government filed a response in opposition to Vinson's request. On February 17, 2021, the Court denied the motion on the ground that he had failed to exhaust his administrative remedies.

On June 10, 2021, Vinson filed the present *pro se* motion for compassionate release, this time indicating that he had exhausted his administrative remedies. The Office of the Federal Public Defender again declined to seek representation on his behalf. Because this motion is substantially similar to the previous such motion, to which the Government already filed an opposition on the

merits, the Court will not require the Government to again respond with the same arguments. The Court now considers the merits of Vinson's request.

Vinson seeks compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A), which requires him to demonstrate "extraordinary and compelling reasons" to justify such relief. In support of his request, he states that (1) he suffers sleep apnea, sickle-cell anemia, gout, asthma, and obesity; and (2) his mother's health "has greatly deteriorated since his arrest."

The Government urges the Court to deny Vinson's motion because he fails to present any extraordinary and compelling reasons that would justify his release. The Court agrees that he has failed to meet his high burden for compassionate release. Although Vinson asserts that he suffers some conditions that may somewhat increase his personal risk of complications from COVID-19, the Court notes that FCI Gilmer currently reports zero positive cases among inmates and staff. Even if he suffered medical conditions that would place him at severe risk of serious illness from COVID-19—which he has not demonstrated—it does not appear that he is now at any greater risk of contracting the virus in prison than in the general population. Further, although the Court is sympathetic as to the declining health of his mother, Vinson offers no details of her condition and, in any event, does not qualify for release based on his family circumstances.

The section 3553 factors also weigh against granting Vinson's request for release. As an initial matter, he has served less than half of his 156-month sentence of incarceration. His offense was serious: he was convicted of conspiring to commit an armed robbery of drug dealers and to distribute the stolen cocaine. The conspiracy was foiled by an undercover agent, but Vinson confirmed his intent to commit the armed robbery, and three loaded firearms were recovered from the conspirators' vehicles. Moreover, this was far from his only offense. At the time of sentencing in this matter, Vinson was a career offender with a criminal history category of V. The applicable

sentencing guidelines counseled a sentencing range of 262 to 327 months. As the Court has previously noted, "[t]he plea agreement, which the Court accepted, recommended a custody range far below that established by the USSG, a fact emphasized by the Court several times during Vinson's Rule 11 plea colloquy." Mem. Op. at 9 (July 1, 2019), ECF No. 296 (denying Vinson's motion to vacate under section 2255). In light of this history, allowing Vinson's release when he has served less than half of his below-guidelines sentence would fail to reflect the seriousness of his offense and the need for both punishment and deterrence.

Accordingly, it is, this 5th day of August 2021,

**ORDERED**

The Motion for Compassionate Release (ECF No. 368) is **DENIED**.

_____
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE