IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | * |
| | * |
| v. | * |
| | *  Crim. No. 16-248 PJM |
| ADRIAN VINSON, | * |
| | * |
| Defendant. | * |

## MEMORANDUM OPINION

On December 22, 2016, Adrian Vinson pled guilty to one count of conspiracy to possess with intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. § 846, and one count of conspiracy to possess firearms in furtherance of a drug-trafficking crime, in violation of 18 U.S.C. § 924(o). On May 12, 2017, the Court imposed a total sentence of 156 months of imprisonment and eight years of supervised release. He is currently incarcerated at FCI Gilmer and has a projected release date of February 11, 2029.

Vinson has filed two prior *pro se* motions for compassionate release with the Court. The first was denied on the ground that Vinson had failed to exhaust his administrative remedies. Order (Feb. 17, 2021), ECF No. 354. The Court denied Vinson's second motion because his potential exposure to COVID-19 did not meet the high standard of an "extraordinary and compelling reason" to grant compassionate release. Mem. Op. at 3 (Aug. 5, 2021), ECF No. 372.

Vinson then filed the instant *pro se* Motion for Compassionate Release (his third), seeking relief on two grounds. ECF No. 381. First, he submits that he would no longer be considered a career offender, and therefore the disparity between his sentence and current guidelines is severe enough to constitute an "extraordinary and compelling reason" warranting compassionate release. *Id.* at 4–6. Second, he argues that the factors set forth in 18 U.S.C. § 3553(a) counsel in favor of

granting his Motion. *Id.* at 6–8. Vinson asks the Court to reduce his sentence to time served (equivalent to approximately 74 months) and release him. *Id.* at 8.

The Government opposes Vinson's Motion, arguing that his status as a career offender is inapposite because he was sentenced pursuant to a downward variance as part of his plea deal, and that the section 3553 factors weigh against release. ECF No. 387.

The Court agrees that Vinson has failed to meet his high burden for compassionate release. Regardless of his status as a career offender, Vinson's offense level today would register at 23 and his criminal history category a V, resulting in a sentencing range of 84-105 months. The 51 to 72-month disparity between his sentence and the current recommended range is not severe enough to constitute an "extraordinary and compelling reason" for release. This fact alone distinguishes Vinson's case from the successful compassionate release motions to which he cites in *United States v. McCoy*, 981 F.3d 271, 277–79 (4th Cir. 2020), where the sentencing disparities were 210 and 320 months.

Further, the section 3553 factors weigh against granting Vinson's release. He conspired to commit an armed robbery of drug dealers and to distribute the stolen cocaine. Mem. Op. at 2 (Aug. 5, 2021), ECF No. 368. He affirmed his intent to participate in the foiled plot, and three loaded firearms were recovered from the conspirators' vehicles. *Id.* In addition, this was by no means Vinson's first offense: he had prior convictions for drug possession and distribution-related offenses. And although it is encouraging to hear that Vinson has been participating in rehabilitative programming while incarcerated, the Court maintains its prior position that allowing his release after serving less than half of his sentence "would fail to reflect the seriousness of his offense and the need for both punishment and deterrence." *Id.* at 3.

Accordingly, Vinson's Motion for Compassionate Release (ECF No. 381) is **DENIED**.

A separate Order will **ISSUE**.

August 16, 2022

_____
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE